WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheval Farms, LLC, an Ohio limited liability corporation; Stone Key Corp., an Ohio corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Trevor William Chalon, et. al.,<br><br>Defendants. | No. 11-43-TUC-JGZ<br><br>**ORDER** |

In this action, Plaintiffs seek to recover investment funds entrusted to Defendant Trevor William Chalon and his business entities. Plaintiffs allege that Trevor Chalon fraudulently misappropriated their funds and breached his contractual obligations. Plaintiffs seek recovery from Trevor Chalon, his business entities, and his parents, Donald and Rita Chalon ("the Chalons"). Pending before the Court is the Chalons' Renewed Motion for Summary Judgment (Doc. 64), seeking dismissal of all claims against them. For the following reasons, the Motion is granted.

**Procedural Background**

Plaintiffs' Complaint alleged fourteen separate causes of action, thirteen of which were alleged against the Chalons: (1) Alter ego as to Defendant Trevor Chalon; (2) Breach of Contract as to all Defendants; (3) Breach of Covenant of Good Faith and Fair Dealing as to all Defendants; (4) Unjust Enrichment as to all Defendants; (5) Breach of Fiduciary Duty

against all Defendants; (6) Conversion against all Defendants; (7) Fraud/Fraudulent Inducement against all Defendants; (8) RICO violations as to all Defendants; (9) Pattern of Unlawful Activity against all Defendants; (10) Fraudulent Conveyance against all Defendants; (11) Constructive Trust against all Defendants; (12) Prejudgment Attachment against all Defendants; (13) Injunctive Relief against all Defendants; and (14) Accounting against all Defendants. (Doc. 1.) Plaintiffs have been unsuccessful in their attempts to serve Trevor Chalon and his corporate entities. Plaintiffs served the Chalons, who have appeared and defended.

The Chalons initially moved for summary judgment on June 24, 2011. (Doc. 43.) Plaintiffs opposed the motion, requesting that the Court permit discovery, pursuant to Rule 56(d), Fed.R.Civ.P., as to the source of funds and property provided to the Chalons by their son. (Doc. 47.) In addition, in their response to the Chalons' first motion for summary judgment, Plaintiffs indicated that they did not intend to include the Chalons in certain counts. On August 10, 2011, the Court dismissed Counts 2-3, 5, 7-9, and 14 as to the Chalons, and granted Plaintiffs' Rule 56(d) request to conduct discovery. (Doc. 48.) The six claims remaining against the Chalons included Counts 4, 6, 10, 11, 12 and 13.

The parties submitted a Joint Discovery Plan, proposing that all discovery be completed by December 1, 2011. (Doc. 49.) The Plan provided that discovery could be made "on any of the claims and defenses asserted in the Complaint and in the Answer." (*Id.*) On November 15, 2011, the parties submitted a Stipulation and Joint Motion to Extend Deadline for Completing Depositions, requesting that the discovery deadline be extended to December 30, 2011. (Doc. 57.) By Order dated December 7, 2011, the Court extended the discovery deadline to January 16, 2012, and ordered that dispositive motions be filed on or before April 5, 2012. (Doc. 60.)

The Chalons filed this Renewed Motion for Summary Judgment on February 29, 2012. (Doc. 64.) The Chalons assert they had nothing to do with the Plaintiffs or their son's investment transactions at issue in this lawsuit; that they are a retired couple, in their mid 70s, living on social security; and that Trevor Chalon has been a resident of Asia, living and

1  working in Singapore and China for approximately 10 years.   (Doc. 64, pp. 3-4.)   The
2  Chalons contend that they are entitled to dismissal from this action because the Plaintiffs
3  cannot prove any connection between the Chalons and the Plaintiffs' loss of their investment
4  funds.

**Legal Standard**

6  A court must grant summary judgment if the pleadings and supporting documents,
7  show that there is no genuine issue as to any material fact and that the moving party is
8  entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477
9  U.S. 317, 323 (1986).  At the summary judgment stage, the moving party bears the initial
10 responsibility of presenting the basis for its motion and identifying those portions of the
11 record, together with affidavits, which it believes demonstrate the absence of a genuine issue
12 of material fact. *Id*. at 323.  If the moving party meets its initial responsibility, the burden
13 then shifts to the opposing party who must demonstrate the existence of a genuine issue of
14 material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-248 (1986).

15 When considering a summary judgment motion, the court examines the pleadings,
16 depositions, answers to interrogatories, and admissions on file, together with the affidavits,
17 if any. Fed.R.Civ.P. 56(c). At summary judgment, the judge's function is not to weigh the
18 evidence and determine the truth but to determine whether there is a genuine issue for trial.
19 *Anderson*, 477 U.S. at 249. The evidence of the non-movant is "to be believed, and all
20 justifiable inferences are to be drawn in his favor." *Id*. at 255. Although the evidence must
21 be viewed in a light most favorable to the non-moving party, and all reasonable inferences
22 must be drawn in the non-moving party's favor, "the inferences are limited to those upon
23 which a reasonable jury might return a verdict." *U.S. ex rel. Anderson v. Northern Telecom,*
24 *Inc.*, 52 F.3d 810, 815 (9th Cir. 1995).

25 In cases where the nonmoving party will bear the burden of proof at trial on a
26 dispositive issue, the moving party need only point out that there is an absence of evidence
27 to support its opponent's claim; it does not need to disprove its opponent's claim. *Celotex*,
28 477 U.S. at 324-325. "The plain language of Rule 56(c) mandates the entry of summary

1  judgment, after adequate time for discovery and upon motion, against a party who fails to
2  make a showing sufficient to establish the existence of an element essential to that party's
3  case, and on which that party will bear the burden of proof at trial." *Id.* at 322.  In this
4  situation, there can be no genuine issue as to any material fact, because a complete failure
5  of proof concerning an essential element of the nonmoving party's case necessarily renders
6  all other facts immaterial.  *Id.* at 322-323.

## Discussion

8  Plaintiffs contend that Trevor Chalon commingled and used Plaintiffs' funds to the
9  benefit of his parents, and therefore summary judgment is inappropriate. Plaintiffs assert that
10 an inference as to the Chalons' involvement in the fraud is evidenced by the fact that: (1) the
11 Chalons admit that their son received Plaintiffs' investment funds; (2) Trevor Chalon paid
12 off a $50,000 personal credit card debt owed by the Chalons; and (3) the Chalons shared a
13 common bank account with their son, into which money was deposited and withdrawn for
14 a variety of purposes including paying the Chalons' debts and bills.  (Doc. 72, pp. 1-2.)
15 Plaintiffs contend that this testimony establishes a reasonable inference that Trevor Chalon
16 commingled Plaintiffs' money with his own and the Chalons' money and that he and the
17 Chalons used it to pay personal debts owed to or by the Chalons.  (*Id.*)   Alternatively,
18 Plaintiffs ask that the Court deny the Motion without prejudice or at least defer consideration
19 of it pursuant to Rule 56(d)(1) or (2), Fed.R.Civ.P., because Plaintiffs have not had an
20 opportunity to conduct discovery with Trevor Chalon and his business entities.

21 **I. Plaintiffs are not entitled to further discovery under Fed. R. Civ. P. 56(d).**

22 Rule 56(d), Fed. R. Civ. P., provides:  "If a nonmovant shows by affidavit or
23 declaration that, for specified reasons, it cannot present facts essential to justify its
24 opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to
25 obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate
26 order."  The party seeking the continuance bears the burden to show what specific facts it
27 hopes to discover.  *Cont'l Mar. of San Francisco v. Pac. Coast Metal Trades Dist. Council,*
28

*Metal Trades Dep't, AFL-CIO*, 817 F.2d 1391, 1395 (9th Cir. 1987).[1] The moving party must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal citations omitted).

Plaintiffs contend that this Court must give them an adequate opportunity to conduct more discovery because critical evidence necessary to mount a defense is within the possession of Trevor Chalon. Plaintiffs state that further discovery is necessary because Trevor Chalon has only recently been served. Plaintiffs suggest that after Trevor Chalon appears in this action, Plaintiffs will conduct discovery and uncover additional evidence supporting their accusations that Trevor fraudulently conveyed funds obtained from Plaintiffs to his parents.

Plaintiffs have failed to file the required affidavit setting forth specific facts they expect to elicit from further discovery; Plaintiffs' memoranda is inadequate to obtain relief under Fed. R. Civ. P. 56(d). *See State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (stating that references in memoranda and declarations to a need for discovery are not motions under Rule 56(d)). Plaintiffs' noncompliance with the terms of Rule 56(d) is independently an adequate ground to deny their request for more discovery. *See id.* In addition, Plaintiffs fail to point to any evidence that could be discovered that might support Plaintiffs' claims as to the Chalons. Plaintiffs' mere hope that further evidence may develop prior to trial is an insufficient basis

---

[1] Cases decided before 2010 cite to Rule 56(f); however, the rule was amended in 2010 and renumbered as Rule 56(d). "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed. R. Civ. P. 56 advisory committee's notes. For clarity, this Court refers to this rule in all case law discussions as Rule 56(d).

- 5 -

1  for a continuance under Rule 56(d). *See Cont'l Mar. of San Francisco*, 817 F.2d at 1395.[2]

2  **II.  There is no genuine issue of material fact as to the claims against the Chalons.**

3  The Chalons contend that there is no genuine issue of material fact as to any of the
4  remaining counts alleged against the Chalons. The Court agrees.

5  **A.  Count Four:  Unjust Enrichment**

6  Plaintiffs do not identify a genuine issue of material fact which would prevent entry
7  of summary judgment as to their unjust enrichment claim. Recovery under a theory of unjust
8  enrichment requires a showing of five elements: "(1) an enrichment; (2) an impoverishment;
9  (3) a connection between the enrichment and the impoverishment; (4) absence of justification
10 for the enrichment and the impoverishment  and (5) an absence of a remedy provided by
11 law." *City of Sierra Vista v. Cochise Enterprises, Inc.*, 697 P.2d 1125, 1131 (Ariz. App.
12 1985).[3] A plaintiff must demonstrate that the defendant received a benefit, that by receipt
13 of that benefit the defendant was unjustly enriched at the plaintiff's expense, and that the
14 events were such that in good conscience the defendant should provide compensation.
15 *Freeman v. Sorchych*, 245 P.3d 927, 936 (Ariz. App. 2011).

16 Plaintiffs have failed to produce any evidence demonstrating a connection between
17 the Chalons' alleged enrichment and the Plaintiffs' impoverishment. It is undisputed  that
18 the Chalons did not participate in any investment with the Plaintiffs and did not receive any

---

[2]Plaintiffs are aware of the requirements of Rule 56(d) as demonstrated by their earlier Rule 56(d) motion, which the Court granted on August 10, 2011. (Doc. 48.) The discovery deadline, as stipulated to by the parties and ordered by the Court, was January 16, 2012. (Doc. 60.) Plaintiffs conducted discovery over a five month period, including propounding interrogatories and deposing Donald and Rita Chalon. Plaintiffs have requested no extension of the discovery period prior to the Chalons' filing of their motion for Summary Judgment.

[3]The basis for the Court's jurisdiction is diversity of citizenship, and therefore Arizona law controls substantive questions of law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

- 6 -

1 money from Plaintiff Cheval Farm, LLC or Stone Key Corp. (DSOF 11; PSOF 11.)[4]
2 Plaintiffs contend they have been impoverished by Trevor Chalon, and "it is Plaintiffs'
3 position that they were impoverished because the Chalons were enriched using Plaintiffs'
4 funds." (Doc. 72, pg. 6.). Plaintiffs' belief that the Chalons received enrichment from their
5 son conveying funds to them and/or paying debts or bills on their behalf, including paying
6 the mortgage on their residence does not establish a claim for unjust enrichment to the
7 Plaintiffs' detriment. Although the Chalons received money from their son, this fact, in and
8 of itself, is insufficient to demonstrate a connection between Plaintiffs' loss and the Chalons'
9 enrichment, or that the enrichment was unjust. *See Freeman*, 245 P.3d at 936 ("[T]he mere
10 receipt of a benefit is insufficient to entitle a plaintiff to compensation.") (internal citations
11 omitted).

### B. Conversion

"Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Focal Point, Inc. v. U-Haul Co. of Ariz.*, 746 P.2d 488, 489 (Ariz. App. 1986). Plaintiffs have failed to offer any evidence that the Chalons intentionally exercised dominion or control over Plaintiffs' monies. As detailed above, the Chalons did not receive any monies directly from Plaintiffs and there is no evidence that the Chalons received Plaintiffs' monies from their son or that they knew monies from their son were fraudulently obtained from Plaintiffs.

### C. Fraudulent Conveyance

Similarly, Plaintiffs fail to demonstrate a disputed issue of material fact with respect to their fraudulent conveyance claim. The Arizona Uniform Fraudulent Transfer Act defines a fraudulent conveyance as follows:

> A. A transfer made or obligation incurred by a debtor is

---

[4] Citation to the parties' statements of facts are abbreviated as follows: Defendants' Statement of Facts (Doc. 65), "DSOF"; Plaintiff's Statement of Facts in Opposition to Defendant's Summary Judgment (Doc. 73), "PSOF".

- 7 -

> fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation under any of the following:
>
> 1. With actual intent to hinder, delay or defraud any creditor of the debtor.
>
> 2. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
> (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>
> (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

A.R.S. § 44-1004.

Plaintiffs state that they "believe" that Trevor Chalon, acting in concert with his parents, fraudulently transferred to his parents, Plaintiffs' monies, in an attempt to hide the assets from Plaintiffs. There is no evidence that Plaintiffs' monies were directed to the Chalons. Trevor made payments to his parents before Plaintiffs invested with Trevor Chalon and both Donald and Rita Chalon testified they had loaned money to Trevor, and the funds they received from Trevor were loan repayments. There is no evidence connecting loan repayments that Trevor Chalon made to the Chalons and Plaintiffs' investments. Nor is there evidence linking any monies that Plaintiffs directly invested with Trevor Chalon's entities to the loan repayments Trevor Chalon made to the Chalons. Consequently, summary judgment in favor of the Chalons on the fraudulent conveyance claim is proper.

### D. Remaining Counts

Plaintiffs correctly note that their remaining claims for constructive trust, prejudgment attachment and injunctive relief are all based on Plaintiffs' assertions that the Chalons received funds to which Plaintiffs' may assert a valid legal claim. As the Court has concluded that Plaintiffs have failed to raise a disputed issue of fact as to the validity of their legal claims to the Chalons' funds, it follows that the Plaintiffs are not entitled to these asset protecting remedies.

- 8 -

**Conclusion**

THEREFORE, IT IS ORDERED as follows:

1. Defendants Donald and Rita Chalon's Renewed Motion for Summary Judgment (Doc. 64) is GRANTED.

2. Plaintiffs' Rule 56(d) request for additional time to conduct discovery (Doc. 72) is DENIED.

3. Defendants Donald and Rita Chalon are dismissed from this case with prejudice. The Clerk of the Court shall terminate Donald and Rita Chalon as parties in this case.

Dated this 27th day of August, 2012.

*Jennifer Zipps*
Jennifer G. Zipps
United States District Judge